TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
YERVANT P. HAGOPIAN (Cal. Bar No. 327535)
Special Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0732
Facsimile: (213) 894-0141
Email: yervant.hagopian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ANTHONY BAUER,
aka "Tony Bauer,"

Defendant.

CR No. 8:24-135-FWS

GOVERNMENT'S MOTION *IN LIMINE* #1 TO ADMIT TO ADMIT BUSINESS RECORDS PURSUANT TO THE SELF-AUTHENTICATION PROVISION OF FEDERAL RULE OF EVIDENCE 902(11); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF YERVANT P. HAGOPIAN; AND EXHIBITS A-F THERETO

Trial Date: March 24, 2026
Trial Time: 8:00 a.m.
Location: Courtroom of the Hon. Fred W. Slaughter

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Yervant P. Hagopian, hereby files its motion in limine to admit into evidence business records of the businesses referenced below pursuant to the procedures of Federal Rule of Evidence 902(11).

The government produced the business records and corresponding Rule 902(11) certifications in discovery and, on January 27 and February 10, 2026, gave written notice of its intention to introduce business records in this manner at trial. Counsel to defendant reserved the right to challenge the admissibility, trustworthiness, scope, and foundation of any proposed business records notwithstanding the government's notice and certifications. The government reserves the right to withdraw or amend this motion, as appropriate, if a continuance is granted or further 902(11) certificates and notices are disclosed.

This motion is based upon the attached memorandum of points and authorities, the attached Declaration of Yervant P. Hagopian and Exhibits A through F thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 10, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
YERVANT P. HAGOPIAN
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Between approximately June through December 2020, MICHAEL ANTHONY BAUER ("defendant") and others submitted dozens of fraudulent pandemic unemployment assistance ("PUA") claims in the names of others and used the benefit payments for frivolous personal use including gambling and car accessories. For his conduct, defendant was indicted for wire fraud and aggravated identity theft in violation of 18 U.S.C. §§ 1343, 1028A. The government seeks to introduce certain business records at trial pursuant to the self-authentication provisions of Federal Rule of Evidence 902(11) ("Rule 902(11)") and provided defendant with written notice of its intent to do so on January 27 and February 10, 2026. (Declaration of Yervant P. Hagopian ("Hagopian Decl.") ¶ 3.) Counsel for defendant advised the government that she reserves the right to challenge the admissibility, trustworthiness, scope, and foundation of any proposed business records notwithstanding the government's notice and certifications. (Id. ¶ 3.)

**II. ARGUMENT**

Rule 902(11) allows for the admittance of self-authenticating evidence as an exception to the hearsay rule. Fed. R. Evid. 902(11). Specifically, the rule "requires no extrinsic evidence of authenticity" for admittance where there is a:

> . . . original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person. . . . Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record - and must make the record and certification available for inspection - so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).[1]

The government has produced in discovery business records from the custodians of records (or other qualified persons) from the California Employment Development Department, Bank of America, UDR Apartments, So Cal Auto Style, Concept Z Performance, Pacific Lightwave, Google, and Morongo Casino. Moreover, the government has produced the declarations from nearly all of the foregoing entities' custodians of records (or other qualified persons), and true and correct copies of these declarations are attached to the Hagopian Declaration as Exhibits A through F. The government has requested, but is still awaiting, declarations from the custodians of records from California Employment Development Department and Bank of America. The government will supplement its notice to counsel for

---

[1] Federal Rule of Evidence 803(6) provides, in part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . . .
> (6) A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and
> (E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

defendant within a reasonable time after it receives those declarations.

On January 27, 2026, the government provided written notice to defendant of its intent to authenticate and admit the following business records pursuant to Rule 902(11):

| **Source** | **Bates Numbers of Business Records** | **Custodian Decl.** | **Exhibit to Ho Decl.** |
|---|---|---|---|
| Google | USAO_00000276-USAO_00000315 | USAO_00000304 | A |
| Morongo Casino | USAO_00000316-USAO_00000343 | USAO_00000342 | B |

On February 10, 2026, the government provided written notice to defendant of its intent to authenticate and admit the following business records pursuant to Rule 902(11):

| **Source** | **Bates Numbers of Business Records** | **Custodian Decl.** | **Exhibit to Ho Decl.** |
|---|---|---|---|
| Pacific Lightwave | USAO_00000344-356 | USAO_00002350 | C |
| Concept Z Performance | USAO_00000370-380 | USAO_00002352 | D |
| So Cal Auto Style | USAO_00000707-713 | USAO_00002354 | E |
| UDR, Inc. | USAO_00002321-2345 | USAO_00002356 | F |

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6). See Fed. R. Evid. 902(11). Thus, to admit the above-referenced business records at trial, the government need not call the custodians of

records to testify. These business records should be admissible based on the certifications.

The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Rule 902(11).

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine to admit the business records referenced above pursuant to Rule 902(11).

DECLARATION OF YERVANT P. HAGOPIAN

I, Yervant P. Hagopian, declare as follows:

1. I am a Special Assistant United States Attorney for the Central District of California and am the attorney assigned to the prosecution of United States v. MICHAEL ANTHONY BAUER, 8:24-135-FWS. I make this declaration in support of the Government's motion in limine to admit business records pursuant to the self-authentication provisions of Federal Rule of Evidence 902(11).

2. As described in the chart below, attached hereto are Exhibits A through F, are true and correct copies of certifications pursuant to Rule 902(11) provided for the indicated business records. Based on my review of the case file and discovery production log, I am informed and believe that the government has previously produced these certifications and either produced or made available for reviewing the underlying records or materials.

| Source | Bates Numbers of Business Records | Custodian Decl. | Exhibit to Hagopian Decl. |
|---|---|---|---|
| Google | USAO_00000276-315 | USAO_00000304 | A |
| Morongo Casino | USAO_00000316-343 | USAO_00000342 | B |
| Pacific Lightwave | USAO_00000344-356 | USAO_00002350 | C |
| Concept Z Performance | USAO_00000370-380 | USAO_00002352 | D |
| So Cal Auto Style | USAO_00000707-713 | USAO_00002354 | E |
| UDR, Inc. | USAO_00002321-2345 | USAO_00002356 | F |

3. On January 27 and February 10, 2026, I provided defendant with written notice of the government's intent to admit, pursuant to Federal Rule of Evidence 902(11), the business records listed by

Bates number above, which consist of casino, internet service provider, residential leasing, and consumer purchase records. I disclosed the certificates of the custodians of records, attached as Exhibits A through F. Counsel to defendant reserved the right to challenge the admissibility, trustworthiness, scope, and foundation of any proposed business records notwithstanding the government's notice and certifications.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California on February 10, 2026.

/S/

YERVANT P. HAGOPIAN
Declarant