Karren Kenney
Kenney Legal Defense
California State Bar No. 174872
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
Telephone: 855-505-5588
Karren.Kenney@gmail.com

Attorney for Defendant Michael Anthony Bauer

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY BAUER,<br><br>Defendant. | CASE NO.: 8:24-cr-00135-FWS<br><br>**DEFENDANT MICHAEL ANTHONY BAUER'S OBJECTION AND RESPONSE TO GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENT TO OFFER RECORDS UNDER FEDERAL RULES OF EVIDENCE 902(11), 902(1), AND 902(4), AND SUPPLEMENT TO MOTION IN LIMINE NO. 1 (DKT. 113)**<br><br>Trial Date: October 26, 2026<br>Hon. Fred W. Slaughter |

Defendant Michael Anthony Bauer objects to the Government's Supplemental Notice of Intent to Offer Records and Supplement to Motion in Limine No. 1 (Dkt. 113), filed October 12, 2026, fourteen days before trial. Mr. Bauer maintains the objections stated in his opposition to Motion in Limine No. 1 (Dkt. 55) and the reservation the Government acknowledges (Dkt. 113 at 9 (citing Dkt. 49 at 2)), and adds the following.

## I. THE NOTICE IS NOT "REASONABLE" AS TO THE CERTIFICATIONS THE GOVERNMENT ITSELF CALLS NEW

A party offering a record through a Rule 902(11) certification "must give an adverse party reasonable written notice of the intent to offer the record, and must make the record and

certification available for inspection, so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). The Government's own chart shows that this supplement is not a restatement of earlier notice. It labels three certifications "New," identifies two others as never included in its motion in limine, and "expand[s]" another to cover records it did not previously identify. (Dkt. 113 at 3-7.) Specifically:

1. **Exhibit F**: the Bank of America certification for Mr. Bauer's own accounts ending 7045 and 7058, executed July 25, 2023, but first produced on October 9, 2026 (USAO_3505). The Government relies on it for Mr. Bauer's bank statements and signature card (USAO_3-201; Dkt. 115, Exs. 19-21). The Government held this one-page certification for more than three years.
2. **Exhibit G**: the Infiniti Palm Springs certification, executed August 31, 2026 and first produced September 23, 2026 (USAO_2549-2550).
3. **Exhibit M**: the UDR, Inc. declarations, executed January 28, 2026 and first produced on October 9, 2026 (USAO_3666-3667), more than eight months later.
4. **Exhibit D**: the Bank of America certification executed February 4, 2026, which the Government now "expand[s]" to cover ATM still-image packages (USAO_2086-2126; 1721-1722) and other records it did not previously chart. (Dkt. 113 at 4.)

Fourteen days' notice, delivered together with a 310-page discovery production (sent Friday, October 9, 2026), new witnesses, and ten unproduced summary charts and demonstratives (Dkts. 114, 115), is not a fair opportunity to investigate the declarants, subpoena witnesses, and challenge these certifications. The records covered by Exhibits D (as expanded), F, G, and M should be admitted, if at all, only through a live witness with knowledge.

## II. THE UDR DECLARATIONS DO NOT SATISFY RULES 803(6) AND 902(11)

A certification under Rule 902(11) must show that the record meets the requirements of Rule 803(6)(A)–(C): that it was made at or near the time "by .. or from information transmitted by someone with knowledge"; that it was kept in the course of a regularly conducted activity;

and that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C), 902(11). The UDR declarations (Dkt. 113, Ex. M) do not.

1. They state only that the records "were prepared by the personnel of the business in the ordinary course of the business, at or near the time of the act, condition, or event." They do not state that the records were made by, or from information transmitted by, a person with knowledge, or that making them was a regular practice of the business.

2. They are made only "to the best of my knowledge and belief."

3. They do not identify the records they certify. Each refers only to records "as provided on or around" a date years earlier. The Government's own history shows the problem: its original chart identified USAO_2321-2345 as the certified UDR records, and it now concedes that USAO_2337-2345 "is not a UDR record." (Dkt. 113 at 6.) A certification that cannot be matched to the records it certifies does not establish their foundation.

The UDR records for Mr. Bauer's apartment (USAO_2321-2336) should not be admitted on these declarations.

## III. A BANK CERTIFICATION CANNOT ESTABLISH WHAT AN ATM IMAGE SHOWS OR WHO APPEARS IN IT

The Government proposes to admit ATM surveillance still images through the Exhibit D certification. (Dkt. 113 at 4.) That certification attests to Bank of America documents "BOA-D122722000416-00000001 through BOA-D122722000416-00000197." (Dkt. 113, Ex. D.) The Government has not shown that the images at USAO_2086-2126 and 1721-1722 are among those documents. Even if they are, a records certification can establish at most that the bank's system captured and kept an image. It cannot establish which transaction an image depicts, or who appears in it.

The link between an image and a transaction is not self-evident in this case. The case agent recorded that Bank of America's transaction spreadsheets are in Mountain time while the

ATM video timestamps are in local time, a one-hour difference. (USAO_1534.) Any image offered to prove a particular transaction must be tied to it by a witness with knowledge, subject to cross-examination. And no witness may identify Mr. Bauer in any image as lay opinion without the foundation Rule 701 requires. The Court should limit any admission under Exhibit D accordingly.

## IV. THE RECORDS USE INCONSISTENT TIME CONVENTIONS

The September 15, 2026 EDD declaration states that "[t]he Submission Date Time in the attached records is in Pacific Standard Time." (Dkt. 113, Ex. C.) The claims at issue were filed between July and September 2020, when California observed Pacific Daylight Time. A submission time recorded in Pacific Standard Time is therefore one hour earlier than local clock time. Bank of America's transaction spreadsheets use Mountain time, and the ATM video uses local time. (USAO_1534.) The Government's summary charts correlate entries from these sources by date and time. (Dkt. 115, Exs. 57, 60, 61, 79.) None has been produced.

Before any summary chart is shown to the jury, the Government should be required to produce it, identify the time convention used for every entry, and show that entries from different sources were converted to a single convention. Fed. R. Evid. 1006. A chart that places events from different sources side by side without that conversion is inaccurate and misleading. Fed. R. Evid. 403.

## V. RESERVATION

Mr. Bauer reserves all objections to the admissibility, trustworthiness, relevance, scope, and foundation of every record identified in Dkt. 113, including under Rules 401, 403, 404(b), 803(6)(E), and 1006, and under the Confrontation Clause, and does not stipulate to the authenticity or business-record status of any record. Nothing in this response waives any objection.

## VI. CONCLUSION

The Court should (1) decline to admit the records covered by Exhibits D (as expanded), F, G, and M on certification alone, or alternatively continue the trial; (2) find the UDR

declarations insufficient under Rules 803(6) and 902(11); (3) limit any admission of ATM images under Exhibit D to the bank's capture and retention of the image and require a witness with knowledge to link any image to a transaction; and (4) require the Government to produce its summary charts promptly and identify the time convention used for each entry.

DATED: October 12, 2026

Respectfully submitted,

KENNEY LEGAL DEFENSE

By: /s/ Karren Kenney
KARREN KENNEY
Attorney for Defendant
MICHAEL ANTHONY BAUER