Karren Kenney
Kenney Legal Defense
California State Bar No. 174872
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
Telephone: 855-505-5588
Karren.Kenney@gmail.com

Attorney for Defendant Michael Anthony Bauer

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL ANTHONY BAUER,<br>Defendant. | CASE NO.: 8:24-cr-00135-FWS<br><br>**DEFENDANT MICHAEL ANTHONY BAUER'S EX PARTE APPLICATION TO CONTINUE TRIAL BASED ON THE GOVERNMENT'S OCTOBER 9, 2026 PRODUCTION (PROD_008) AND OCTOBER 12, 2026 AMENDED WITNESS AND EXHIBIT LISTS AND RULE 902(11) SUPPLEMENT (DKTS. 113–115); ALTERNATIVELY, TO EXCLUDE LATE-PRODUCED EVIDENCE UNDER FED. R. CRIM. P. 16(d)(2)(C); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KARREN KENNEY**<br><br>[Proposed] Order lodged concurrently<br>Current Trial Date: October 26, 2026<br>Hon. Fred W. Slaughter |

TO THE HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE, AND TO THE UNITED STATES:

Defendant Michael Anthony Bauer applies ex parte for an order:

1. Continuing the October 26, 2026 trial to March 8, 2027, or the first date thereafter convenient to the Court and the parties;

2. Directing the Government, within seven days, to (a) produce all agent notes of the December 5, 2024 arrest and interview, (b) produce all communications between the prosecution team and Bank of America or its counsel concerning the subjects addressed in the February 21, 2025 letter (USAO_3500-3508); and (c) identify by Bates number the records certified at USAO_3666-3667 and produce the native file withheld at USAO_3665;

3. Directing the Government (a) within two days, to identify by name the Bank of America witness listed as "To Be Determined" (Dkt. 114 at 3); (b) within seven days, to produce the summary charts and demonstratives listed as Exhibits 50, 56–62, 64, 70, and 79 (Dkt. 115), and to make the records they summarize available as Rule 1006 requires; and (c) immediately, to disclose all *Giglio* and *Henthorn* material for, and produce any reports of interview of, Michael Blas, Tamara McKinney, Joseph Busby, Veronica Welter, and the Bank of America witness;

4. Finding that the continuance is necessitated by the Government's production of PROD_008 seventeen days before trial and its amended witness and exhibit lists, and that the resulting delay is attributable to the Government; and

5. In the alternative, if the Court does not continue the trial, excluding under Federal Rule of Criminal Procedure 16(d)(2)(C): (a) the casino jackpot records, Forms W-2G, and currency transaction reports (USAO_3416, 3509-3516, 3575-3607; Exs. 72-74), and any testimony or argument concerning them; (b) any record offered through the certifications at USAO_3666-3667 or USAO_3505 (Exs. 32, 75); (c) the February 21, 2025 Bank of America letter (USAO_3500-3508) and any testimony derived from it; (d) any criminal-history evidence not identified in the Government's January 27, 2026 Rule 404(b) notice; and (e) any testimony from the four arrest-team agents first identified in USAO_3616-3617, and any evidence or argument that agents entered Mr. Bauer's residence with his consent, including the photograph of his driver license taken that day (Ex. 77); and (f) the testimony of

Michael Blas, Tamara McKinney, Joseph Busby, Veronica Welter, and any Bank of America witness not identified by name, and any summary chart or demonstrative not produced by the date the Court sets.

The Government does not oppose a continuance of the trial to March 8, 2027. Mr. Bauer consents to it. Good cause exists. On October 9, 2026, seventeen days before trial and twenty-two days after this Court ordered the Government to review its files and produce everything discoverable (Dkts. 86, 92 at 104), the Government produced 310 pages. The production includes records the Government says it will offer at trial under Federal Rules of Evidence 803(6) and 902(11), new records certifications the Government held for more than eight months, a letter Bank of America's counsel wrote in answer to the prosecutor's own questions, Mr. Bauer's criminal history, and an arrest report approved in December 2024 that identifies four agents never before disclosed. Eleven days before this production, the Government told the Court that only "[t]wo additional items, a records certification and California DMV records," remained to be produced. (Dkt. 97 at 2.) Those two items arrived October 2 as PROD_007. PROD_008 came a week later. Then, on October 12, the Government filed amended witness and exhibit lists naming four witnesses who had never been identified, still not naming its Bank of America witness, and listing ten summary charts and demonstratives that have not been produced. (Dkts. 114, 115.) The same day, it supplemented its motion in limine on business-record certifications, labeling several of them "New." (Dkt. 113.) Defense counsel cannot investigate and respond to this material, and advise Mr. Bauer, before October 26.

This application is based on this Application, the attached Memorandum of Points and Authorities and Declaration of Karren Kenney, the files and records of this case, and any argument the Court permits.

**STATEMENT UNDER LOCAL RULES 7-19 AND 7-19.1**

On October 14, 2026, defense counsel first notified SAUSA Alejandro A. Abreu by e-mail of the substance of this ex parte application. The Government stated that it does not oppose a continuance of the trial to March 8, 2027, and on October 16, 2026, confirmed its availability for

trial on that date. The Government's counsel of record, and their contact information, are: Alejandro A. Abreu and Yervant P. Hagopian, United States Attorney's Office. Mr. Bauer identifies these attorneys only to comply with Local Rule 7-19 and does not withdraw his objection to their authority to prosecute this case. (Dkts. 94, 96, 109.)

DATED: October 16, 2026

Respectfully submitted,

KENNEY LEGAL DEFENSE

By: /s/ Karren Kenney
KARREN KENNEY
Attorney for Defendant
MICHAEL ANTHONY BAUER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. EX PARTE RELIEF IS REQUIRED, AND MR. BAUER IS WITHOUT FAULT

Ex parte relief is appropriate where the moving party shows that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* Dkt. 98 at 3.

Both requirements are met. A regularly noticed motion requires twenty-eight days' notice. C.D. Cal. L.R. 6-1. PROD_008 arrived seventeen days before trial, so a noticed motion could not be heard until after the jury is sworn. **The defense did not create this problem.** It requested this category of material in writing in June 2025, including agents' reports of the arrest, notes of Mr. Bauer's statements, and his prior record (Dkt. 44 at 12-13), and later moved to compel (Dkt. 44). The Government served PROD_008 by e-mail on Friday, October 9, 2026. (Kenney Decl. ¶ 3.) Defense counsel reviewed it and filed this application within four (4) federal court business days.

**The defense was also entitled to rely on the Government's assurance that discovery was complete. In opposing the motion to compel, the Government represented that it had "queried the relevant law enforcement agents in this case and searched its own records and identified no additional information that it had not yet produced." (Dkt. 46 at 5.)** The Court denied the motion in reliance on the Government's representations. (Dkt. 52 at 3-4.) If that representation had been accurate, there would have been nothing left to produce. Instead, the Government has since made three more productions: PROD_006 on September 23, PROD_007 on October 2, and PROD_008 on October 9, 2026. PROD_008 alone contains 310 pages, much of it dated well before the Government's January 2026 representation. (Kenney Decl. ¶¶ 4-11.) The timing of this production is not the result of any lack of diligence by the defense.

## II. THE PRODUCTION

Counsel describes PROD_008 generally because the Government designated it Confidential under the Protective Order (Dkt. 24). Although some of the designations as

"confidential" make no sense, Counsel will lodge any page under seal or for *in camera* review at the Court's request. Together with the October 12 witness and exhibit lists, six categories require time to address (Kenney Decl. ¶¶ 4-9, 12):

1. **Casino and currency-transaction records the Government will offer at trial** (USAO_3416, 3509-3516, 3575-3607). A spreadsheet listing sixty-eight 2020 Morongo slot jackpots totaling about $138,847, thirty-three IRS Forms W-2G, and two FinCEN currency transaction reports. The Government has given notice that it will offer records in this production under Rules 803(6) and 902(11).

2. **New Rule 902(11) certifications** (USAO_3666-3667). Two apartment-complex custodian declarations signed January 28, 2026 and held for more than eight months. Neither identifies by Bates number the records it certifies. The page before them reads only "No Images Produced." (USAO_3665.) PROD_008 also contains, for the first time, a July 25, 2023 Bank of America certification (USAO_3505) that the Government now lists as the foundation for Mr. Bauer's own bank statements. (Dkt. 115, Ex. 75.) On October 12, the Government filed a supplemental Rule 902(11) notice and supplement to its Motion in Limine No. 1. (Dkt. 113.) Its own chart labels three certifications "New," identifies others as never included in its original motion, "expand[s]" a Bank of America certification to cover ATM still images, and corrects its earlier chart, which had identified an HSI report as UDR records. (*Id.* at 3–7.) Mr. Bauer has objected to the supplement. (Dkt. 116.)

3. **Bank of America counsel's letter** (USAO_3500-3508). A February 21, 2025 letter from Bank of America's outside counsel, copied to both case agents, answering the prosecutor's questions about how the prepaid debit cards were printed and mailed. The prosecutor's questions, and any other communications on the subject, have not been produced.

4. **Mr. Bauer's criminal history** (USAO_3424-3499). Seventy-six pages of state and federal criminal-history records, printed November 25, 2024, covering cycles from 2004 through 2021.

5. **A previously unproduced arrest report** (USAO_3616-3622). HSI report of investigation OR02OT23OR0001-011, approved December 10, 2024. It identifies six agents on the arrest team, four of whom had never been disclosed, and states for the first time that agents entered Mr. Bauer's residence "with BAUER's consent." No agent notes of the arrest or interview, and no native files of the interview photographs, have been produced, although handwritten notes are visible in one of the photographs. PROD_008 also contains a photograph of Mr. Bauer's driver license taken that day (USAO_3423), which the Government now lists as an exhibit. (Dkt. 115, Ex. 77.)

6. **The amended witness and exhibit lists** (Dkts. 114, 115), filed October 12, 2026. The witness list names, for the first time, Department of Labor-OIG Special Agent Michael Blas, EDD supervisor Tamara McKinney, and Morongo employees Joseph Busby and Veronica Welter. It still identifies the Bank of America witness only as "To Be Determined," although that witness will testify about the debit-card program, Mr. Bauer's accounts, and the ATM surveillance video. (Dkt. 114 at 3.) The Court directed the Government to identify each witness by name. (*Id.* at 1 (citing Dkt. 86; Dkt. 92 at 68).) The exhibit list includes seven Rule 1006 summary charts (Exs. 56-61, 79), three demonstratives (Exs. 62, 64, 70), and a transcript (Ex. 50), none of which has been produced. Exhibit 79 alone summarizes every claim and card the Government associates with an apartment, two e-mail addresses, and two telephone numbers, drawing on sixteen exhibits.

## III. GOVERNING STANDARDS

When a party fails to comply with Rule 16, the Court may "grant a continuance" or "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(B), (C).

The Government's disclosure obligations are continuing. Fed. R. Crim. P. 16(c). On request, it must disclose the defendant's prior record, Fed. R. Crim. P. 16(a)(1)(D); the portion of any written record containing the substance of the defendant's statements in response to interrogation, Fed. R. Crim. P. 16(a)(1)(B)(ii); and documents that are material to preparing the defense or that it intends to use in its case-in-chief, Fed. R. Crim. P. 16(a)(1)(E)(i)-(ii). A party offering a business record by certification "must give an adverse party reasonable written notice of the intent to offer the record, and must make the record and certification available for inspection, so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

In deciding whether to continue a trial, courts consider the defendant's diligence in preparing, whether the continuance would serve a useful purpose, the inconvenience to the court and the Government, and the prejudice the defendant would suffer if the continuance were denied. *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir.), *amended*, 1985 U.S. App. LEXIS 31667 (9th Cir. June 25, 1985). The factors are considered together, and the weight given to any one of them "may vary with the extent of the showings on the other factors." *Id.* at 1359. In *Flynt*, the Ninth Circuit held the denial of a continuance arbitrary and unreasonable where the defendant showed sufficient diligence, the continuance would have served a useful purpose, it would not have caused any "cognizable inconvenience" to the court or the government, and the defendant suffered prejudice. *Id.* at 1359-62. Each factor favors a continuance here.

## IV. EACH CATEGORY REQUIRES WORK THAT CANNOT BE DONE BY OCTOBER 26

### A. The casino and currency-transaction records

These are records the Government intends to offer in its case-in-chief. To meet them, the defense must compare each jackpot and transaction against the claimant-account activity the Government attributes to Mr. Bauer; determine whether expert testimony on slot-machine play, jackpot reporting, and Form W-2G and CTR requirements is needed, and if so retain an expert with CJA approval; subpoena the casino's records and witnesses; and move to exclude the records under Rules 401, 403, and 404(b). The records also bear on the pending motions in limine

concerning Morongo records and the attribution of third-party records to Mr. Bauer. (Dkts. 68, 75.) And the transaction dates on the two CTRs (August 31 and September 18, 2020) differ from the dates HSI's earlier summary assigns them (USAO_1528), a discrepancy the defense must run down before cross-examining the case agent.

**B. The new certifications**

Rule 902(11) requires notice early enough to give a “fair opportunity to challenge” the records and certifications. The certifications here were signed January 28, 2026 and produced on October 9. They do not identify the records they cover. They state that the records were “prepared by the personnel of the business in the ordinary course of the business, at or near the time,” but do not state that the records were made by, or from information transmitted by, someone with knowledge, or that making them was a regular practice of the business. *See* Fed. R. Evid. 803(6)(A)-(C). They are made only “to the best of my knowledge and belief.” The defense needs time to identify the records, subpoena the custodian, and challenge the certifications. The same is true of the Bank of America certification (Ex. 75), which the Government held for more than three years before producing it on October 9. The Government's own October 12 supplement confirms the problem: it labels certifications “New,” adds others it never included in its motion in limine, and corrects its earlier identification of the records certified. (Dkt. 113 at 3-7.) A supplement to a motion in limine filed fourteen days before trial does not give a “fair opportunity to challenge” the records it covers. Mr. Bauer's specific objections to the certifications are set out in Dkt. 116.

**C. The Bank of America letter**

The letter is outside counsel's narrative explanation, prepared at the prosecutor's request, of how the prepaid debit cards were printed and mailed. It states that counsel's firm “did not handle the production of records” and limits its statements accordingly. How and where the cards were mailed goes directly to attribution, the central issue at trial. The defense needs the prosecutor's questions and related communications, which have not been produced, and time to identify and subpoena a witness with actual knowledge of the mailing process.

**D. Mr. Bauer's criminal history**

Rule 16(a)(1)(D) required production of Mr. Bauer's prior record on request, and the defense requested it in June 2025. (Dkt. 44 at 13.) The records span seventeen years and include convictions, dismissals, sentence modifications, and arrest-relief entries. Before trial, counsel must verify the dispositions from court records, analyze what the Government could use under Rules 404(b) and 609, and advise Mr. Bauer on whether to testify. That decision is his alone, *see Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987), and it cannot be made responsibly until this analysis is complete.

**E. The arrest report**

The arrest report falls within the June 2025 request for agents' reports of Mr. Bauer's arrest. (Dkt. 44 at 12.) It identifies four agents the defense has never had the opportunity to investigate, including for impeachment material the Government must review and disclose. *See United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). It also asserts, for the first time, that agents entered Mr. Bauer's home with his consent. Those facts bear on the circumstances of the December 5, 2024 interview and on Mr. Bauer's pending challenge to voluntariness under 18 U.S.C. § 3501(a). (Dkt. 100.) The agents' notes and the native files of the interview photographs, which bear on the same issues, still have not been produced.

**F. The amended witness and exhibit lists**

Four of the Government's witnesses were named for the first time fourteen days before trial, and a fifth remains unnamed. The defense cannot investigate their backgrounds, obtain any reports of their interviews, request *Giglio* and *Henthorn* review, or prepare cross-examination for witnesses it learned of on October 12, or for one it still cannot identify. SA Blas will also present summary charts. A proponent of a summary "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006. The defense cannot test the accuracy of charts it has not seen, check them against thousands of pages of underlying records, or object to argumentative or inaccurate entries, in the time

remaining. Exhibits 78-80 also introduce uncharged claims and cards, which require a Rule 404(b) and 403 response.

## V. THE CONTINUANCE FACTORS FAVOR MR. BAUER

**Diligence.** The defense requested this material in June 2025, moved to compel in January 2026, and reviewed PROD_008 within days of receiving it. Nothing the defense did or failed to do caused the timing of this production.

**Useful purpose.** A continuance to March 8, 2027, which the Government does not oppose, would allow counsel to complete each task described in Part IV: investigate the new records and witnesses, obtain the outstanding notes, files, communications, and summary charts, retain any needed expert, file targeted motions, and advise Mr. Bauer on testifying.

**Inconvenience.** The Government does not oppose a continuance to March 8, 2027. This is a single-defendant case. Any inconvenience to the Government results from the timing of its own production.

**Prejudice.** Without a continuance, Mr. Bauer would face the Government's newly produced exhibits and witnesses without the investigation, motion practice, and advice the Fifth and Sixth Amendments guarantee. Trial counsel cannot responsibly complete this work by October 26. (Kenney Decl. ¶ 13.)

## VI. THE DELAY SHOULD BE ATTRIBUTED TO THE GOVERNMENT

Mr. Bauer has not waived, and does not waive, his right to a speedy trial. Counsel has advised Mr. Bauer, and he authorizes this request. He seeks a continuance only because the timing of the Government's production forces him to choose between his right to a speedy trial and his rights to effective assistance and a fair trial. In weighing the reasons for delay, delay caused by the government's negligence weighs against the government, though less heavily than deliberate delay. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). Mr. Bauer does not object to a finding under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) that the ends of justice served by the continuance outweigh the interests of the public and the defendant in a speedy trial. He asks that the finding state the reason

for the continuance: the Government's production of PROD_008 seventeen days before trial and its October 12 amended witness and exhibit lists.

## VII. ALTERNATIVELY, THE LATE-PRODUCED EVIDENCE SHOULD BE EXCLUDED

If the Court does not continue the trial, the remedy that avoids prejudice to Mr. Bauer is exclusion. Fed. R. Crim. P. 16(d)(2)(C). The Government should be precluded from offering the casino and currency-transaction records; any record offered through the certifications first produced in PROD_008 (Exs. 32, 75), for lack of reasonable notice under Rule 902(11); the Bank of America letter and any testimony derived from it; any criminal-history evidence not identified in its January 27, 2026 Rule 404(b) notice; and any testimony from the four newly identified agents or evidence that agents entered with Mr. Bauer's consent; the testimony of the four newly named witnesses and of any witness not identified by name; and any summary chart or demonstrative not produced by a date the Court sets.

## VIII. RESERVATION

Mr. Bauer reserves all other remedies, including motions concerning the Government's discovery compliance, sanctions under the Court's Rule 5(f) order (Dkt. 8), suppression motions, and his pending objections to the Government's use of his suppressed statements and to the authority of the Special Assistant United States Attorneys. Nothing in this application waives any objection.

DATED: October 16, 2026

Respectfully submitted,

KENNEY LEGAL DEFENSE

By: /s/ Karren Kenney
KARREN KENNEY
Attorney for Defendant
MICHAEL ANTHONY BAUER

**DECLARATION OF KARREN KENNEY**

I, Karren Kenney, declare:

1. I am an attorney licensed to practice in California and before this Court, and I am CJA counsel of record for Defendant Michael Anthony Bauer. I have personal knowledge of the facts stated here and could testify to them.

2. Trial is set for October 26, 2026.

3. Late Friday afternoon, October 9, 2026, I received by e-mail a letter from SAUSA Alejandro A. Abreu transmitting the Government's eighth production, PROD_008, Bates-numbered USAO_00003416 through USAO_00003725 (310 pages), with an index. The letter states that the Government intends to offer records in PROD_008 under Federal Rules of Evidence 803(6) and 902(11), and that the letter and the enclosed certifications provide notice of that intent. It also states that the Government will send a separate response to my most recent discovery letter. As of the date of this declaration, I have not received that response.

4. PROD_008 contains a spreadsheet of sixty-eight 2020 Morongo slot jackpots totaling about $138,847 (USAO_3416), thirty-three IRS Forms W-2G (USAO_3575-3607), and two FinCEN currency transaction reports with transaction dates of August 31 and September 18, 2020 (USAO_3509-3516). The HSI summary produced earlier at USAO_1528 lists those reports with different dates.

5. USAO_3666 and USAO_3667 are custodian declarations signed January 28, 2026. USAO_3666 certifies records provided on or about February 22, 2024 relating to Mr. Bauer; USAO_3667 certifies records provided on or about November 4, 2022 relating to another individual. Neither identifies the certified records by Bates number. USAO_3665 reads only “No Images Produced.”

6. USAO_3500-3504 is a February 21, 2025 letter from Bank of America's outside counsel to the prosecutor then assigned to this case, copied to SA Daniel Ha and SA Elias Guerrero, responding to the prosecutor's questions about how prepaid debit cards were mailed. I have not received the prosecutor's questions or any other communications on that subject.

7. USAO_3424-3499 consists of state and federal criminal-history records for Mr. Bauer printed November 25, 2024. I had not received them before PROD_008.

8. USAO_3616-3617 is HSI report of investigation OR02OT23OR0001-011, approved December 10, 2024. I had not received it before PROD_008. It names six agents on the arrest team, four of whom had not previously been identified to me, and states that agents entered Mr. Bauer's residence with his consent.

9. The attachments at USAO_3618-3622 appear to duplicate attachments produced earlier at USAO_2341-2345. I have not received native files or metadata for the photographs, or any agent's notes of the arrest or interview. Handwritten notes are visible beneath a telephone in one of the photographs.

10. On June 11, 2025, I served the Government with the written discovery request attached as Exhibit A to my motion to compel (Dkt. 44 at 10-17). It requested, among other things, agents' reports and notes concerning Mr. Bauer's arrest and questioning, rough notes of his statements, all photographs and video concerning his apprehension and questioning, and his prior record. (Dkt. 44 at 12-13, 16.) I moved to compel on January 27, 2026 (Dkt. 44). **The Government opposed on January 30, 2026, representing to the Court that it had searched its records and identified no additional information that it had not yet produced (Dkt. 46 at 5).** The Court denied the motion on February 26, 2026 (Dkt. 52).

11. Since January 2026, the Government has made at least three additional productions: PROD_006 (September 23, 2026), PROD_007 (October 2, 2026), and PROD_008 (October 9, 2026). On September 30, 2026, the Government told the Court that two items, a records certification and DMV records, remained to be produced. (Dkt. 97 at 2.) PROD_007, which I received on October 2, 2026, contained those two items.

12. On October 12, 2026, the Government filed an Amended Witness List (Dkt. 114) and an Amended Exhibit List (Dkt. 115), and a Supplemental Notice of Intent to Offer Records under Rules 902(11), 902(1), and 902(4) and Supplement to Motion in Limine No. 1 (Dkt. 113). The witness list names Michael Blas, Tamara McKinney, Joseph Busby, and Veronica Welter. The

Government's prior witness list (Dkt. 80) did not identify them by name. I have not located in the discovery any report of interview, statement, or Jencks material for any of them. The witness list identifies the Bank of America witness only as "To Be Determined." As of the date of this declaration, the Government has not provided the summary charts, demonstratives, or transcript listed as Exhibits 50, 56-62, 64, 70, and 79. Exhibits 72-75 and 77 are documents first produced in PROD_008.

13. Based on my experience and my review of PROD_008 and Dkts. 114 and 115, I cannot competently complete the investigation, motion practice, and trial preparation described in the accompanying memorandum, or advise Mr. Bauer on whether to testify, before October 26, 2026. A continuance to March 8, 2027 would allow that work to be completed.

14. I advised Mr. Bauer of his rights under the Speedy Trial Act and the Sixth Amendment and of the reasons for this request. He consents to the requested continuance and authorizes this request. He does not waive his speedy-trial rights except as stated in the application.

15. On October 14, 2026, I notified the Government by email that I would be seeking a continuance. Today they replied that they do not object to the continuance request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2026, in Costa Mesa, California.

/s/ Karren Kenney
KARREN KENNEY